UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN A. CAVADAS,<br><br>　　　　Petitioner<br><br>　　v.<br><br>WARDEN RICOLCOL,<br><br>　　　　Respondent. | Case No. CV 24-9193 AH (KES)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Dkt. 1), the operative First Amended Petition (Dkt. 7; "FAP"), the Motion to Dismiss (Dkt. 14; "Motion"); Petitioner's Response to the Motion (Dkt. 16; "Response"), the Report and Recommendation of United States Magistrate Judge (Dkt. 17; "Report"), Petitioner's Objections to the Report (Dkt. 19; "Objections"), and the other relevant records on file.

The Court has engaged in a de novo review. Although not required, the Court briefly discusses the following points. *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

Petitioner attaches to her Objections a document she claims demonstrates Counselor Roxanne Diaz "perjured herself" because it shows that, contrary to Diaz's declaration, Petitioner had previously asked Diaz for a BP-8 form necessary to exhaust administrative remedies. *See* Dkt. 19 at 1, 3, 13-14.

Preliminarily, the Court notes that Petitioner has had ample opportunity to present this document through the Petition, Amended Petition, Response to the Motion, or at any other time in these proceedings, but appears to raise it here for the first time in the Objections. Although not required, the Court briefly makes the following observations. *See, e.g., Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (district court is not required to consider evidence presented for the first time in objections); *Lutz v. Valenzuela*, No. CV 11-104-CBM PJW, 2013 WL 5539551, at *3 n.6 (C.D. Cal. Oct. 3, 2013) (electing not to consider arguments and evidence raised for the first time in objections "in light of the fact that this case is almost three years old and discovery has closed").

The document is an "Inmate Request to Staff" dated October 15, 2024, and addressed to "Ms. Diaz." Dkt. 19 at 3. It requests a BP-8 form, and the disposition directs Petitioner to "[p]lease come to open house today at 2pm for this issue." *Id*. It is unclear whether the disposition is signed by Counselor Diaz or some other staff member. *Compare* Dkt. 14-3 at 4 (Counselor Diaz's Declaration signature) *with* Dkt. 19 at 3 (signature on Inmate Request to Staff).

Even assuming Counselor Diaz was the staff member responding to Petitioner's Inmate Request to Staff, and even assuming it tends to refute her declaration stating that Petitioner had not previously requested a BP-8 form from her (Dkt. 14-3 at 4), it also refutes Petitioner's own statement in her Response that she "did not ask Counselor Diaz for a BP-8 on any other day [than orally on October 23, 2024]." (Dkt. 16 at 1). More importantly, Petitioner has failed to show how the disposition of the Inmate Request to Staff made administrative remedies "unavailable" to her such that attempted exhaustion would be futile. *See Ross v.*

*Blake*, 578 U.S. 632[1] (2016); *El Rescate Legal Servs., Inc. v. Executive Off. of Immigr. Review*, 959 F.2d 742, 747 (9th Cir. 1991). Rather, it shows the opposite; Petitioner could request the administrative form at open house. Dkt. 19 at 3. And, as noted in the Report and Diaz's declaration, Petitioner could have requested the form from another Unit Team or staff member besides Diaz. Dkt. 14-3 at 4; Dkt. 17 at 6.

The Objections are therefore **OVERRULED**. The Court accepts the Report and adopts it as its own findings and conclusions. Accordingly, the Motion is **GRANTED** (Dkt. 14), and Judgment shall be entered dismissing the FAP without prejudice to filing a new petition raising the same claims after exhaustion.

Finally, as a federal prisoner proceeding under 28 U.S.C. § 2241, Petitioner is not required to obtain a certificate of appealability ("COA") to appeal this case. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) (holding that the plain language of 28 U.S.C. § 2253(c)(1) does not require federal prisoners bringing § 2241 petitions to obtain a COA in order to appeal, unless the § 2241 petition "is merely a 'disguised' § 2255 petition"); *see e.g., Tomlinson v. Caraway*, No. 14-cv-020094-VBF-KK, 2014 WL 4656432 at *1 (C.D. Cal. Sept. 16, 2014) (adopting report and recommendation and noting that petitioner in federal custody was not required to obtain a COA to appeal denial of his § 2241 petition).

IT IS SO ORDERED.

Dated:  April 21, 2025

ANNE HWANG
United States District Judge

---

[1] The Court corrects the Report's citation to the beginning page number of this case, which is cited as "578 U.S. **32**." Dkt. 17 at 3.